**G. L. DOSLAND, Appellant-Respondent,**

v.

**STATE of Minnesota and Minnesota State Retirement System, Respondents-Appellants,**

**County of Clay, Respondent (47935).**

**Nos. 47935, 49156.**

Supreme Court of Minnesota.

Dec. 21, 1979.

Dosland, Dosland, Nordhougen & Mickelberg, J. P. Dosland, and Duane A. Lillehaug, Moorhead, for appellant-respondent.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., and Merwin W. Peterson, Asst. Atty. Gen., St. Paul, Paul E. Grinnell, County Atty., and Dean A. Hoistad, Asst. County Atty., Moorhead, for respondents-appellants.

SHERAN, Chief Justice.

This is an appeal by the State of Minnesota and Minnesota State Retirement System (hereinafter MSRS) from an order entered June 8, 1978 by the district court of Ramsey County upon remand to that court for interpretation of Minn.Stat. § 490.124, subd. 2 and determination as to whether the Honorable G. L. Dosland could have obtained extension of his term of office pursuant to its terms had he not retired for disability on March 31, 1976. The trial court determined that the statute would have applied in Judge Dosland's favor and we affirm.

G. L. Dosland served as judge of the county court of Clay County from August 14, 1968 until March 31, 1976. Although the six-year term for which he had been elected in November 1970 would not have expired until December 31, 1976, Judge Dosland, on February 24, 1976, filed a written application with accompanying medical affidavits requesting the Governor to direct his disability retirement pursuant to Minn. Stat. § 490.121, subds. 13 and 14 and Minn. Stat. § 490.124, subd. 4. Retirement was so ordered effective March 31, 1976.

As of that date, the duration and amount of disability retirement benefits were fixed by § 490.124, subd. 4 providing as follows:

From and after disability retirement date, a disabled judge shall be entitled to (a) *continuation of his full salary payable by the judge's employer, as if his office were not vacated by retirement, for a period of two full years*, and (b) thereafter a disability retirement annuity * * *. (emphasis added)

The litigation before us comes about because MSRS has refused to pay Judge Dosland his full salary for a period of two full years from the date of his retirement. He has been paid his full salary through December 31, 1976, but, it has been argued, he then became entitled to his disability retirement annuity only and this because he was, as of December 31, 1976, over 72 years of age and therefore ineligible for election to a successive term. He cannot be paid the full salary after December 31, 1976, it is reasoned, because his eligibility for service would have ended on that date whether he retired for disability or not.

Upon the initial hearing of this matter, it became evident that the position asserted by MSRS could not be sustained if Judge Dosland would have been entitled to obtain an extension of his term of office pursuant to §. 490.124, subd. 2 had he not become disabled, and it was for this reason that the case was remanded to the district court of Ramsey County for consideration of the impact of that section of the statute upon the case before us. Section 490.124, subd. 2 provides:

No judge shall be eligible for a normal or early retirement annuity at normal or early retirement date if he has less than ten years of service.

\*   \*   \*   \*   \*   \*

A judge who was in office on December 31, 1973 and thereafter and who, by the date on which his term expires, would not be eligible to retire with *full benefits under statutes in effect on December 31, 1973,* may apply to the governor for an extension to serve up to three additional years, stating his intention to retire upon such eligibility. Notwithstanding section 490.125 hereof, the governor shall forthwith make a written order accepting such retirement application, and extending the term of office of such judge for such period of time, not exceeding three years, as may be necessary to make such judge eligible for *such* retirement, *solely for purposes of computing benefits hereunder.* (emphasis added)

It is agreed that Judge Dosland, who was in office on December 31, 1973, would not have been eligible to retire with full benefits under statutes in effect on that date because he had not served the 20 years then requisite. Therefore, had he not retired for disability when he did, he would have been entitled to apply to the Governor for an extension to serve an additional three years unless the change of minimum years of service from 20 to ten as set out in the first sentence of § 490.124, subd. 2 is to be limited by construction to judges who came into office after December 31, 1973. We do not find such legislative intent in the language of the statute. The use of "hereunder" as the last word in subdivision 2 refers to all of the provisions in 1973 Minn. Laws, ch. 744. Section 490.124, subd. 8, which permits judges in office before January 1, 1974 the option to elect to retire pursuant to laws previously in effect, was intended, we believe, to broaden the retiring judge's options rather than to restrict them. The statutory maxims for construction relied upon by MSRS, Minn.Stat. §§ 645.46 and 645.47, do not apply to the case before us.

We conclude that had not Judge Dosland retired when he did, he could have applied for and but for his disability would have received an extension of his term until August 14, 1978, when he would have completed ten years of service making him eligible for retirement under § 490.124, subd. 2. From this it follows that Judge Dosland could not have been forced to retire on December 31, 1976; that he is entitled to full compensation for the two-year period from March 31, 1976 to March 31, 1978; and that the decision of the trial court rendered on remand should be affirmed.

Affirmed.